IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-98-BO

| | | |
|---|---|---|
| PATRICK P. STAUDNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ROBINSON AVIATION, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The appropriate responses and replies have been filed, and a hearing was conducted on the matters before the undersigned on July 5, 2016, at Elizabeth City, North Carolina.

## BACKGROUND

Plaintiff is a former air traffic control specialist at the New Bern, North Carolina airport who has filed this suit against his labor union, Professional Air Traffic Controllers Organization (PATCO), and former employer, Robinson Aviation, Inc. Plaintiff was employed by Robinson Aviation from October 20, 2000 to November 20, 2014. Plaintiff alleges that he was falsely accused of not following policies in order to terminate his employment. Plaintiff contends that his employer engaged in multiple breaches of the collective bargaining agreement, including termination of plaintiff's employment without just cause, and that PATCO breached its duty of fair representation when it declined to pursue plaintiff's grievance to arbitration on plaintiff's behalf. Plaintiff alleges that defendants' actions or omissions were in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

The Labor Management Relations Act (LMRA) provides that "suits for violation of contracts between an employer and a labor organization representing employees" may be brought in federal district court. 28 U.S.C. § 185(a). Because plaintiff was represented by a union pursuant to a collective bargaining agreement (CBA) during his employment, plaintiff may not sue his former employer for violation of the CBA unless he can also show that his union breached its duty of fair representation; this is commonly referred to as a hybrid 301 action. *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656 (4th Cir. 2002) ("in order to prevail on the merits against either party, an employee must prove *both* 1) that the union breached its duty of

2

fair representation and 2) that his employer violated the collective bargaining agreement."). Plaintiff must prevail first on his claim against the union before his claim against his former employer may be considered. *Id.* at 657.

I.      PATCO'S MOTION FOR SUMMARY JUDGMENT

A labor union has a duty to "serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct," and it "may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion." *Vaca v. Sipes*, 386 U.S. 171, 177, 191 (1967). To be considered arbitrary, a union's action must be determined after objective inquiry to have been beyond the range of reasonableness such that it is wholly irrational. *Thompson*, 276 F.3d at 657. Inquiry into whether the union's conduct was discriminatory or in bad faith is subjective. *Crider v. Spectrulite Consortium, Inc.*, 130 F.3d 1238, 1243 (7th Cir. 1997).

Here, there is a genuine issue of material fact as to whether PATCO's decision not to process plaintiff's grievance to arbitration was arbitrary or was done in bad faith.[1] Although the union's decision is generally afforded substantial deference, *see Thompson*, 276 F.3d at 658, "[t]he arguable merit to a grievance is one factor in considering whether a union acted in bad faith in refusing to represent an employee." *Zimmerman v. Found. of the French Intern. Sch. Rochambeau of Washington*, 830 F.2d 1316, 1319 (4th Cir. 1987); *see also Banks v. Bethlehem Steel Corp.*, 870 F.2d 1438, 1445 (9th Cir. 1989) (arguably meritorious claim can suggest strong inference of bad faith or arbitrariness on part of union in handling grievance) (citation omitted).

---

[1] Because plaintiff failed to respond to PATCO's arguments as to whether its conduct was discriminatory, the Court considers this argument waived. *Satcher v. U. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) ("failure to oppose a basis for summary judgment constitutes waiver of that argument.").

3

PATCO's brief proffers that Robinson Aviation "seemed to rely on progressive discipline issued over a period of just over two (2) years" as the basis for terminating plaintiff's employment. [DE 35-3 at 6]. In the termination notice provided to plaintiff on November 20, 2014, the bases cited for plaintiff's termination were that on November 10, 2014, plaintiff failed to park in a designated parking area, failed to stop his car immediately after entering the Airport Operational Area before proceeding, and failed to lock his car. *Id.* at 118. Also cited was an incident on November 16, 2014, where plaintiff failed to properly secure the facility during his closing shift. *Id.* PATCO notified plaintiff that upon review it had determined that plaintiff's "grievance concerning [his] termination by [Robinson Aviation] does not provide enough convincing information to warrant the pursuance of said grievance to final and binding arbitration." [DE 35-2 at 128].

In its brief, PATCO relies on the following actions to contend that Robinson Aviation had just cause for terminating plaintiff's employment based on a progression of disciplinary issues: a letter of confirmation issued August 23, 2012, to plaintiff regarding his children being present at the tower [DE 35-2 at 126]; a letter of official reprimand issued September 7, 2012, regarding a mandatory occurrence report that plaintiff had failed to complete, *id.* at 111; a letter of reprimand issued February 20, 2013, regarding plaintiff's failure to acknowledge his scheduled duty assignments and failure to complete and document required training, *id.* at 114; and a letter of suspension issued May 1, 2013, officially suspending plaintiff for performance and citing the previous letters of reprimand and two instances plaintiff's failure to complete and document required training within the time prescribed. *Id.* at 115.

Plaintiff has proffered sufficient evidence to create a genuine issue of material fact as to the validity of and motivations behind the proffered bases for his termination. The August and

4

September 2012 letters of confirmation and reprimand were issued more than two years prior to his termination notice, and pursuant to the CBA should have been removed from plaintiff's file. [DE 1 at 27]. Regarding the remaining bases for plaintiff's termination, Modlin, plaintiff's supervisor who issued his disciplinary letters and termination notice, testified that he had never disciplined another employee for failing to park in a designated area or for failing to lock their car door, nor had he observed plaintiff failing to park in the correct area prior to November 10, 2014. [DE 47-4 at 16]. One of plaintiff's former co-workers testified that he was unaware that failing to park in the correct area or leaving your car door unlocked are disciplinary infractions. [DE 52-7 at 6]. The same former co-worker testified that he did not know of anyone else whose employment had been terminated or who had been subject to disciplinary action at the New Bern facility other than plaintiff. *Id.* at 35. Plaintiff has additionally proffered evidence that in Modlin's performance review of plaintiff for the period of October 1, 2013, through September 30, 2014, the period just prior to plaintiff's termination, Modlin found plaintiff to be fully successful in the areas of operating methods and procedures, communications, and training, and that plaintiff adhered to letters of agreement, procedures, and directives. [DE 47-4 at 4-5]. Plaintiff had further received fully successful performance reviews in preceding years as well. [DE 52-8 at 2-7].

Plaintiff's evidence creates an issue of fact as to whether, even assuming that plaintiff was properly disciplined in 2013, his fully successful performance reviews contrasted with the bases cited for his termination – namely improper parking, failing to stop upon entry, and failing to lock his car door – reveal that the motivations for plaintiff's termination were personal and not based on just cause. If plaintiff's termination was not based on just cause, such evidence would

5

support a finding that PATCO acted arbitrarily or in bad faith when it declined to pursue plaintiff's grievance.

Although a finding that plaintiff's grievance was meritorious would not alone support a determination that PATCO breached its duty of fair representation, plaintiff has proffered further evidence which creates an issue of fact as to whether PACTO acted arbitrarily or in bad faith. For example, Robinson Aviation made PATCO aware of plaintiff's forthcoming termination but no union representative was made available to plaintiff to assist him during his meeting with Modlin. [DE 52-8 at 12]. Although PATCO had a duty to investigate plaintiff's grievance at least "to the extent necessary to uncover the merits of [plaintiff's] case," *Power v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 87 F. Supp. 2d 545, 553 n.21 (E.D. Va. 2000) (citations omitted), the record reveals only cursory email exchanges wherein plaintiff's description of events was essentially copied by a union member in to an email and sent to Robinson Aviation; PATCO without explanation subsequently declined to proceed any further with the matter. [DE 52-8 at 14-18]. Thus, there is a sufficient basis upon which a reasonable fact-finder could conclude that PATCO's handling of plaintiff's grievance was, at a minimum, perfunctory.[2] *See, e.g., Webb v. ABF Freight Sys., Inc.*, 155 F.3d 1230, 1240 (10th Cir. 1998) (union's handling of grievance was properly found to be perfunctory, apathetic, and cursory where, *inter alia*, union failed to present meritorious grievance despite request to do so).

Accordingly, PATCO's motion for summary judgment is denied.

---

[2] The Court recognizes that a finding that PATCO acted in bad faith requires a showing of fraud, deceitful action, or dishonest conduct. *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of Am. v. Lockridge*, 403 U.S. 274, 299 (1971). Although plaintiff has not made a strong showing, based on the evidence proffered at this stage the Court will allow plaintiff to proceed on a theory that PATCO's actions were perpetrated in bad faith.

II.  ROBINSON AVIATION'S MOTION FOR SUMMARY JUDGMENT

As plaintiff has recognized, [DE 54 at 15], plaintiff's common law claim for Robinson Aviation's violation of the CBA is preempted by federal labor law. *See, e.g., Barton v. H. of Raeford Farms, Inc.*, 745 F.3d 95, 107 (4th Cir. 2014) (LMRA preempts state employment law claims where employee is covered by CBA). This claim is therefore dismissed. As to plaintiff's LMRA claim, Robinson Aviation has assumed for purposes of its motion for summary judgment that plaintiff's grievance was meritorious. [DE 59 at 6]. Because, as discussed above, plaintiff has proffered evidence to create a triable issue of fact as to whether PATCO's decision not to pursue plaintiff's grievance was arbitrary or in bad faith, Robinson Aviation's motion for summary judgment as to this claim is denied.

## CONCLUSION

Accordingly, for the reasons discussed above, PATCO's motion for summary judgment [DE 35] is DENIED and Robinson Aviation's motion for summary judgment [DE 36] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this 28 day of July, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE