IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-98-BO

| | |
|---|---|
| PATRICK P. STAUDNER,<br><br>Plaintiff,<br><br>v.<br><br>ROBINSON AVIATION, INC.,<br>PROFESSIONAL AIR TRAFFIC<br>CONTROLLERS ORGANIZATION,<br><br>Defendants. | ORDER |

This cause comes before the Court on Robinson Aviation's renewed motion for judgment as a matter of law and in the alternative request for new trial and Professional Air Traffic Controllers Organization's Rule 50 motion and request for new trial. The appropriate responses and replies have been filed and the matters are ripe for ruling. For the reasons that follow, defendants' motions are denied.

## BACKGROUND

The Court again presumes a familiarity with the factual background and procedural posture of this case. In summary, plaintiff, Staudner, was formerly employed by defendant Robinson Aviation (RA) as an air traffic controller at the Coastal Regional Airport in New Bern, North Carolina. Staudner was a member of the Professional Air Traffic Controllers Organization (PATCO) labor union which was party to a collective bargaining agreement with RA. Staudner alleged that he was falsely accused of not following policies in order to terminate his employment and that his employment was terminated without just cause. Staudner also alleged that PATCO

breached its duty of fair representation when it declined to pursue Staudner's grievance to arbitration on Staudner's behalf. Staudner alleged that defendants' actions or omissions were in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In such an action, "in order to prevail on the merits against either party, an employee must prove *both* 1) that the union breached its duty of fair representation and 2) that his employer violated the collective bargaining agreement." *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656 (4th Cir. 2002).

On August 14, 2019,[1] the case proceeded to jury trial and on August 15, 2019, the jury returned its verdict in favor of Staudner. The jury found that RA had discharged Staudner from his employment without just cause and that PATCO had breached its duty of fair representation. The jury further found that plaintiff should be awarded $600,000 in damages. Forty percent of the damage award was assessed against RA and sixty percent was assessed against PATCO. [DE 159].

I.     Motions for entry of judgment as a matter of law and motions for new trial.

RA seeks entry of judgment in its favor on two grounds. First, RA argues that the undisputed evidence at trial demonstrated that RA discharged Staudner for just cause and that the alleged breach of duty by PATCO – PATCO's failure to take Staudner's grievance to arbitration – was immaterial because it caused Staudner no damage. Alternatively, RA contends that the erroneous introduction of front pay at trial and prejudicial commentary made by the Court during the trial support a new trial on all issues.

PATCO also contends that the evidence submitted to the jury clearly demonstrated that RA terminated Staudner's employment for just cause and that PATCO did not breach its duty of fair representation in declining to pursue his grievance to arbitration. PATCO also argues in the

---

[1] The jury was selected but not impaneled on August 12, 2019.

2

alternative that the Court erroneously allowed the jury to consider front pay and that it introduced prejudicial statements at trial such that a new trial should be ordered.

Rule 50(b) provides that, upon a party's renewed motion for judgment as a matter of law after the denial of such a motion during trial, a court may (1) allow judgment on the verdict, (2) order a new trial, or (3) direct the entry of judgment as a matter of law. Fed. R. Civ. P. 50(b). A court may grant a motion for judgment as a matter of law if it finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the non-moving party. Fed. R. Civ. P. 50(a)(1). "[W]hen a jury has returned its verdict, a court may grant judgment as a matter of law only if, viewing the evidence in a light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the court determines that the only conclusion a reasonable jury could have reached is one in favor of the moving party." *Saunders v. Branch Banking And Tr. Co. of VA*, 526 F.3d 142, 147 (4th Cir. 2008) (citing *Figg v. Schroeder*, 312 F.3d 625, 635 (4th Cir. 2002)). A court is not permitted to weigh the evidence or evaluate the credibility of the witnesses when deciding a Rule 50(b) motion. *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 196 (4th Cir. 2017). If reasonable minds could reach different verdicts based upon the evidence in the case, the jury's verdict must be affirmed. *Bryant v. Aiken Reg'l Med. Centers Inc.*, 333 F.3d 536, 543 (4th Cir. 2003).

The motions for entry of judgment under Rule 50(b) are denied. Contrary to defendants' arguments, the jury was presented with evidence from which it could reasonably conclude that Staudner's termination was without just cause. At a minimum, reasonable minds could reach different verdicts based upon the evidence presented. The jury was presented with evidence of Staudner's disciplinary history beginning in July 2010 with an oral reprimand for insubordination and including a September 2012 letter of reprimand for three instances of failing to follow directive

related to pilot deviation, a February 2013 letter of reprimand for three instances of failing to follow directives to acknowledge FAA training and work schedules, and a May 2013 suspension for two additional instances of failing to follow directives relating to FAA training.

The jury was also presented with evidence that, despite receiving the above discipline, Staudner received fully successful ratings on his annual performance appraisals and that Staudner's first-line supervisor Howard Modlin did not get along with him and disciplined Staudner for minor violations and disagreements as to policy. Staudner's termination letter cited violations of policy that were observed only by Modlin, and included Staudner's failing to stop at the security gate when entering the parking lot, failing to park in a designated parking area, failing to lock his own car doors after he parked his car, and failing to lock the door at the base of the air-traffic control tower.

Staudner testified at trial that he did not fail to stop at the parking gate and that he did not park in an undesignated area. Another RA employee testified that he was unaware an employee could be fired for failing to stop at the security gate, not locking his car doors, or by parking in an undesignated area. There was further testimony that the door to the base of the tower was not working properly, and defendants proffered no evidence to corroborate Staudner's alleged parking and driving violations beyond Modlin's reports, even though Staudner testified that he witnessed Modlin taking a photograph of his parked car on the day of the alleged parking violation. Finally, Richard Allen, the area manager and Modlin's supervisor who was the ultimate decision maker as to whether to dismiss Staudner, testified that he relied on Modlin's reporting and the he rarely visited the New Bern tower himself.

Based upon the foregoing, the Court finds that sufficient evidence, viewed in the light most favorable to plaintiff, was presented to the jury to support its conclusion that Staudner's

termination was motivated by Modlin's dislike for him and was not for just cause. There is also sufficient evidence, when viewed in the light most favorable to plaintiff, that PATCO's decision to not pursue Staudner's grievance to arbitration violated its duty of fair representation.

Breach of the duty of fair representation occurs when the union acts in bad faith or in an arbitrary of discriminatory manner. *Marquez v. Screen Actors,* 525 U.S. 33, 44, 119 S.Ct. 292, 142 L.Ed.2d 242 (1998). PATCO contends that the jury heard no evidence of some other motivation not to pursue Staudner's claim to arbitration and that Jerry Tuso provided Staudner with a reason for not pursuing the claim, albeit one Staudner did not like. However, the testimony at trial also revealed that PATCO did not undertake any investigation into Staudner's grievance and that it merely submitted Staudner's arguments at Step 2 of the grievance process without even changing the pronouns before signing the email as its own. Mr. Tuso was not aware that RV's response at Step 2 of the grievance process cited discipline that fell outside of the relevant two-year period, which was in violation of the collective bargaining agreement, and which could have formed a basis upon which to challenge the discipline. Further, Mr. Tuso testified that PATCO represents 1100 dues paying members and evidence was admitted showing that no grievances were pursued by PATCO to arbitration in the last three years. Again, drawing all inferences in favor of plaintiff, there was sufficient evidence upon which to find that PATCO breached its duty of fair representation by arbitrarily not pursuing his grievance.

RA's argument that PATCO's decision not to pursue arbitration caused Staudner no damage is also not grounds for setting aside the verdict. That the collective bargaining agreement at issue here was not mandatory does not absolve PATCO of its duty to provide fair representation to its members. *Czosek v. O'Mara*, 397 U.S. 25, 27 (1970). Moreover, damages for a union's

5

failure to provide its members with fair representation are present where "refusal to handle the grievances added to the difficulty and expense of collecting from the employer." *Id.* at 29.

Defendants' alternative requests for a new trial are also denied. When joined with a renewed motion for judgment as a matter of law, an alternate request for a new trial is governed by the Rule 59(e) standard. *See Vanwyk Textile Sys., B.V. v. Zimmer Mach. Am., Inc.*, 994 F. Supp. 350, 358 (W.D.N.C. 1997). Under that standard, a new trial will be ordered if "[1] the verdict is against the clear weight of the evidence, or [2] is based upon evidence which is false, or [3] will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996). A court is permitted to consider the credibility of witnesses and weigh the evidence on a motion for new trial under Fed. R. Civ. P. 59(e). *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). The decision to order a new trial is within the discretion of the district court. *Gentry v. E. W. Partners Club Mgmt. Co. Inc.*, 816 F.3d 228, 241 (4th Cir. 2016).

Both defendants argue that the Court made statements during the trial that were prejudicial and improperly introduced the issue of front pay. During a jury trial, a trial judge may "explain[] and comment[] upon the evidence, . . . , provided he makes it clear to the jury that all matters of fact are submitted to their determination." *Quercia v. United States*, 289 U.S. 466, 469 (1933); *Seidman v. Fishburne-Hudgins Educ. Found., Inc.*, 724 F.2d 413, 417 (4th Cir. 1984). "In the interests of justice and efficiency, a new trial should not be lightly granted. To begin with, a new trial should be granted only if prejudicial statements are so egregious that they prevent the complaining party from receiving a fair trial." *Just Wood Indus., Inc. v. Centex Const. Co.*, 188 F.3d 502 (4th Cir. 1999) (table decision).

The Court has carefully reviewed the trial transcript in this matter and has discovered no prejudicial statements. Moreover, the jury was provided with a clear instruction that it was to disregard any comment by the Court except its instructions on the law, and that the Court simply had no position in the case. There are no grounds for a new trial based upon comment by the Court.

The Court further concludes that a new trial is not warranted because of the jury's damages verdict. Defendants contend that the introduction of front pay damages by Staudner's counsel during closing argument resulted in an excessive jury award. Defendants' argument is speculative, however, because the jury was not required to specify either the type of damage awarded or the grounds for the award. *Gentry*, 816 F.3d at 241. Additionally, the Court did not instruct the jury that it should consider whether to award Staudner front pay. The Court instructed the jury that the measure of damages was "the amount the plaintiff would have earned from employment with the employer if the discharge had not occurred reduced by any earnings the plaintiff received or could have reasonably received from other employment." [DE 181] 15 July 2019 Trial Tr. at 154. This instruction comports with the damages instruction which was provided by both plaintiff and PATCO in their proposed jury instructions. [DE 149, 132].

At bottom, the jury trial in this matter afforded all parties with an opportunity to present their best evidence and argument in support of their case. The jury considered the evidence and rendered a verdict in favor of Staudner. The Court discerns no error which would require upsetting the jury's verdict, including its damage award, or conducting a new trial. Defendants' motions are therefore DENIED.

7

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motions for judgment as a matter of law and for new trial [DE 167 & 169] are DENIED.

SO ORDERED, this __11__ day of March 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE