IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:15-CV-98-BO

| | | |
|---|---|---|
| PATRICK P. STAUDNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER ON BILL OF COSTS** |
| | ) | |
| ROBINSON AVIATION, INC., and | ) | |
| PROFESSIONAL AIR TRAFFIC | ) | |
| CONTROLLERS ORGANIZATION, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the clerk on the motion for bill of costs [DE-164] filed by plaintiff Patrick B. Staudner and the motion for disallowance in part of plaintiff's bill of costs [DE-165] filed by defendant Robinson Aviation, Inc. ("RA"). For the reasons set forth below, both motions are GRANTED in part.

## BACKGROUND

Following remand from the Fourth Circuit Court of Appeals, this matter proceed to jury trial on August 14, 2019, on plaintiff's claims against defendants Professional Air Traffic Controllers Organization ("PATCO") and RA. On August 15, 2019, the jury rendered its verdict in favor of plaintiff, finding that plaintiff should be awarded $600,000.00 in damages, with forty percent of the award assessed against RA and sixty percent assessed against PATCO [DE-159]. The clerk entered judgment that same day [DE-161].

Thereafter, plaintiff timely filed the motion for bill of costs and RA timely filed the motion for disallowance. PATCO did not respond to the motion for bill of costs.

**DISCUSSION**

Plaintiff seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, plaintiff seeks recovery of $5,626.52 in costs from both defendants.

RA opposes some of the costs claimed by plaintiff,[1] arguing that the costs are either not taxable or not properly supported by plaintiff's filings. The clerk will examine the contested costs in turn.

**1. Fees for Summons and Subpoena**

Plaintiff seeks $640.20 in costs for fees for service of the summons and subpoena. Pursuant to 28 U.S.C. § 1920(1), fees of the marshal may be taxed. In this case, plaintiff seeks an award of fees paid to a private process server.

Generally in this district, fees for private process servers may be taxed, provided that the fees do not exceed the fees that would have been incurred had the marshal's office effected service. See Arista Records LLC v. Gaines, 635 F. Supp. 2d 414, 418-19 (E.D.N.C. 2009) ("Given the apparent congressional intent to make service of process fees a taxable item and due to the

---

[1] RA does not oppose plaintiff's request for costs for $400 for the filing fee pursuant to 28 U.S.C. § 1920(1); $839.66 in witness fees pursuant to § 1920(3); and $626.00 in costs taxed on appeal pursuant to Fed. R. App. P. 39.

substitution of private process servers for the U.S. marshal in recent years, taxation of costs for special process servers is justifiable."); see also U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) (reasoning that § 1920(1) refers to fees "of" the marshal but does not require payment "to" the marshal, and consequently "the 'fees of the marshal' refers to fees authorized by § 1921, rather than fees collected by the marshal.").

Here, RA opposes the amount of the fees sought by plaintiff, arguing that the fees are unsupported by the record or exceed the amount charged by the U.S. Marshal. Specifically, as to the former argument, RA observes that plaintiff seeks $640.20 in fees, but has submitted only an invoice from a private process server in the amount of $619. RA argues that the balance of $21.20 must be disallowed because it is not linked to any service or reflected in a receipt. In response, plaintiff submits certified mail receipts for the service of the summons and complaint on both defendants in this matter. As plaintiff concedes, the receipts reflect only $17.07 in costs, and accordingly it revises its requested amount. The request for costs for service by mail in the amount of $17.07 is allowed.

As to the latter argument, RA observes that the private process server charged plaintiff $75 per hour, and a mileage rate of $0.65. As RA notes, the U.S. Marshal may charge only $65 per hour, and a mileage rate of $0.58. See 28 U.S.C. § 1921; 5 U.S.C. § 5704(a)(1); see also 28 C.F.R. § 0.114(a)(3) and § 0.114(c); https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-mileage-rates/pov-mileage-rates-archived (last accessed March 26, 2020). Because plaintiff seeks fees in excess of what the marshal may charge as to the service of subpoenas, RA's motion is for disallowance is granted in part, and plaintiff is allowed $593.00[2] in

---

[2] This includes costs in the amount of $198.45 (2.25 hours at $65 per hour plus mileage of 90 miles at $0.58 per mile) for the Robert Santoriello subpoena and $243.75 (3.75 hours at $65 per hour plus mileage of 170 miles at $0.58 per mile).

3

costs for the service of the trial subpoenas. In total, plaintiff is allowed $610.07 in costs for service pursuant to § 1920(1).

**2. Fees for Transcripts Necessarily Obtained for Use in the Case**

Under 28 U.S.C. § 1920(2), fees of the court reporter for all or any part of the transcripts necessarily obtained for use in the case may be taxed against the losing party. Pursuant to Local Civil Rule 54.1(c)(1)(A), "[t]he costs incident to the taking of a deposition . . . normally include only the reporter's fee and charge for the original transcript of the deposition." Additionally, multiple copies of depositions ordinarily are not taxed. See Local Civil Rule 54.1(c)(2)(B).

In this case, Plaintiff seeks an award of costs in the amount of $968.85 for transcripts of the depositions of Howard Modlin, Robert Santoriello, and plaintiff, and the transcript of the June 20, 2017 hearing on the motions to dismiss. RA opposes a portion of these costs, arguing that plaintiff has submitted insufficient documentation, seeks costs not allowable in this district, or seeks costs for a transcript that was not necessarily obtained for use in the case.

Specifically, RA contends that plaintiff improperly seeks costs for multiple copies of the deposition of Robert Santoriello, observing that the invoice included charges for both the original and copy of the deposition. RA also notes that the invoice includes a charge for postage. RA also contends that plaintiff's documentation of the costs of the Howard Modlin deposition—a canceled check—is insufficient. In response, plaintiff concedes that the charge for postage is not recoverable, nor are costs for multiple copies of a transcript. Plaintiff also explains that the court reporting agency that produced the Santoriello and Modlin depositions is no longer operating, and accordingly he cannot obtain further information about the cost of the original transcript for either deposition. Because this clarifying information is not available, the cost of the original/copy of the Santoriello deposition and the cost of the Modlin deposition is disallowed. See Farrar & Farrar

4

Dairy, Inc. v. Miller-St. Nazianz, Inc., No. 5:06-CV-160-D, 2012 WL 776945, at *5 (E.D.N.C. Mar. 8, 2012) (disallowing the cost of deposition transcripts where the court could not determine what portion was attributable to the original as opposed to the copy).

RA also objects to plaintiff's claim for the costs of the transcript of the June 20, 2017 hearing on the motions to dismiss, contending that plaintiff has not shown that the transcript was necessarily obtained for use in the case. In response, plaintiff states that the transcript was ordered for use in preparing his brief on appeal to the Fourth Circuit. In these circumstances, the court finds that the transcript was necessarily obtained for use in the case, and the cost for the transcript is allowed. In sum, costs for transcripts pursuant to § 1920(2) in the amount of $413.45[3] are allowed.

### 3. Fees and Disbursements For Printing

Plaintiff seeks $1,649.21 fees and disbursements for preparing, proofing, copying and delivering briefs filed in the Fourth Circuit Court of Appeals. These costs are disallowed.

Federal Rule of Appellate Procedure 39 governs taxation of costs incurred during appeals. That rule provides that "[a] party who wants costs taxed must—within 14 days after entry of judgment—file with the circuit clerk, with proof of service, an itemized and verified bill of costs." Fed. R. App. P. 39(d)(1). Only certain delineated appellate costs may be sought and taxed in the district court, including "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a bond or other security to preserve rights pending appeal; and (4) the fee for filing a notice of appeal." Fed. R. App. P. 39(e).

---

[3] This includes (1) $261.80 for the transcript of plaintiff's deposition; (2) the $75.00 appearance fee for the Santoriello deposition, and (3) $76.65 for the June 20, 2017 hearing.

This court's authority to award costs is limited by Rule 39(e) of the Federal Rules of Appellate Procedure. The costs sought by plaintiff for formatting and copying briefs do not fall within that rule, and as such, they only may be sought in the Fourth Circuit Court of Appeals. See Batton v. Commc'n Workers of Am., No. 2:13CV426, 2016 WL 208518, at *2 (E.D. Va. Jan. 14, 2016) (denying a request for costs of copies of an appellate brief and appendix because the bill of cost must be filed with the circuit clerk); Stollings v. Ryobi Techs., Inc., NO. 08 C 4006, 2015 WL 4100479, at *8 (N.D. Ill. July 6, 2015) (taxing a party's costs for filing a notice of appeal but denying the remaining appellate costs "because Rule 39(e) does not cover the costs of . . . copying, or printing briefs"); Dempsey v. Colvin, No. 1:09CV790-SRW, 2013 WL 3280319, at *4 (M.D. Ala. June 27, 2013) ("The costs plaintiff incurred in copying her appellate briefs and record excerpts are not among those that Rule 39 authorizes this court to tax.").

### 4. Fees for Exemplification and Costs of Making Copies

Plaintiff seeks $502.60 in costs for copies of papers necessarily obtained for use in the case, as allowed by § 1920(4). The Fourth Circuit has explained that § 1920(4) encompasses both discovery-related costs and materials attached to dispositive motions or produced at trial. Country Vintner of North Carolina, LLC v. E&J Gallo Winery, Inc., 718 F.3d 249, 257-58 (4th Cir. 2013). Nevertheless, the cost of copies made solely for convenience of counsel are generally not taxable under § 1920(4). See Fells v. Virginia Dep't of Transp., 605 F. Supp. 2d 740, 743 (E.D. Va. 2009). Accordingly, "[t]he burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." Kelly v. Int'l Bhd. of Teamsters, Local Union 71, No. 4:11CV-1268-RBH, 2014 WL 1366038, at *3 (D.S.C. Apr. 7, 2014) (quoting Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 563 (E.D. Va. 2010)).

RA objects to plaintiff's request for copying costs, contending that plaintiff provided no support for his claim, other than a receipt showing a cost of $5.25 for a certified copy of his divorce decree. In response, plaintiff submits an invoice for the copying costs and explains that he made copies of trial exhibits for the judge, opposing counsel, and for the jury, at a cost of $0.15 per page, totaling $370.80. With this supplemented information, plaintiff's request for costs of copies necessarily obtained for use in the case is allowed in the amount of $376.05.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for bill of costs [DE-164] and RA's motion for disallowance in part of plaintiff's bill of costs [DE-165] are both GRANTED in part. As the prevailing party, plaintiff Patrick P. Staudner is awarded (1) $1,010.07 in costs pursuant to § 1920(1); (2) $413.45 in costs pursuant to § 1920(2); (3) $839.66 in costs pursuant to § 1920(3); (4) $376.05 in costs pursuant to § 1920(4), and (5) $626.00 in costs as shown on the mandate of the Fourth Circuit Court of Appeals. Total costs in the amount of $3,265.23 are taxed against defendants and shall be included in the judgment.

SO ORDERED. This the 26th day of March, 2020.

_____
Peter A. Moore, Jr.
Clerk of Court