IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-98-BO

PATRICK P. STAUDNER,                      )
                                          )
                 Plaintiff,               )
                                          )
v.                                        )            O R D E R
                                          )
ROBINSON AVIATION, INC.,                  )
PROFESSIONAL AIR TRAFFIC                  )
CONTROLLERS ORGANIZATION,                 )
                                          )
                 Defendants.              )

This cause comes before the Court on defendant Robinson Aviation's second motion to

dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff, who

proceeds *pro se*, has responded in opposition and Robinson Aviation has replied. In this posture,

the matter is ripe for ruling.

A jury trial is set to commence in this hybrid Section 301 action on November 1, 2021, at

Elizabeth City, North Carolina. The trial will consist of a determination of plaintiff's damages

only as liability was determined at an earlier trial. *See* [DE 201]. Robinson Aviation has made

plaintiff a Rule 68 offer of judgment which plaintiff, though his then-counsel, rejected. Robison

Aviation now asks that it be permitted to deposit the Rule 68 offer sum into the Court and be

dismissed, subject to a determination of taxable costs.

An unaccepted Rule 68 offer of judgment "is a legal nullity, with no operative effect."

*Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 162 (2016) (quotation and citation omitted).

Accordingly, a plaintiff's case is not rendered moot by an unaccepted offer of judgment. *Id.* at

165. The Supreme Court left open, however, the question of whether the result would be

different if a defendant were to deposit an amount which fully satisfies the plaintiff's claim into

the court and the court then enters judgment for the plaintiff. *Id.* at 166. Courts have split on whether actual payment of full relief moots an individual's claim and commentators disagree on how the Supreme Court will ultimately resolve the split. *Kuntze v. Josh Enters.*, 365 F. Supp. 3d 630, 640–41 (E.D. Va. 2019).

The Court declines to allow Robinson Aviation to deposit the amount of its Rule 68 offer of judgment in an attempt to moot plaintiff's claim in this case. Robinson Aviation has offered plaintiff $50,000, which it contends is more than plaintiff could recover from it following his best day at trial. At the first trial, plaintiff sought $395,353 in back pay or lost wages. *See* [DE 222 at 4 n.3]. In hybrid Section 301 actions, lost wages as determined by the jury must further be apportioned between the employer and the union, as was reflected in both plaintiff's and Robinson Aviation's proposed jury instructions and verdict forms prior to the first trial. [DE 132;140]. Plaintiff and Robinson Aviation appear to agree that the apportionment of damages found by the first jury may not be used in the upcoming trial, but the first jury found Robinson Aviation forty-percent liable for plaintiff's damages.

"Reasonable though the defendant['s] offer may have been (and may still prove to be), the disparity between what [it] offered and what the plaintiff sought generally will preclude a finding of mootness." *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 568 (6th Cir. 2013). In light of both the uncertainty of the apportionment of damages as well as the procedural history and posture of this case, which is on remand from the court of appeals for a jury trial on damages, the Court denies Robinson Aviation's motion to dismiss.

Robinson Aviation asks in the alternative that the Court determine several issues ahead of the trial. The Court grants this request in part and rules *in limine*, for the reasons outlined in Robinson Aviation's, brief as follows:

2

- The law of the case precludes plaintiff from seeking an award of front pay; and

- Plaintiff's back pay damages are capped at $395,353.00.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant Robinson Aviation's motion to dismiss [DE 221] is GRANTED IN PART and DENIED IN PART. The request to dismiss Robinson Aviation based upon its Rule 68 offer of judgment is DENIED. The Court further holds, *in limine*, that the law of the case precludes plaintiff from seeking an award of front pay and that plaintiff's back pay damages are capped at $395,353.00.

SO ORDERED, this **26** day of October, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3