IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-98-BO

PATRICK P. STAUDNER, )
)
                    Plaintiff, )
)
v. )     O R D E R
)
ROBINSON AVIATION, INC., )
PROFESSIONAL AIR TRAFFIC )
CONTROLLERS ORGANIZATION, )
)
                    Defendants. )

This cause comes before the Court on plaintiff's motion for attorney fees [DE 204] and motion to amend motion for attorney fees file by plaintiff *pro se* [DE 239]. The appropriate responses and replies have been filed, or the time for doing so has expired, and the matters are ripe for ruling. For the reasons that follow, the Court awards attorney fees of $53,009.38 to plaintiff's former counsel as against defendant Professional Air Traffic Controllers Organization (PATCO).

## BACKGROUND

On August 15, 2019, a jury rendered its verdict in favor of plaintiff, Staudner. [DE 159, 160]. Defendants filed renewed motions for judgment as a matter of law and for new trial, which the Court denied on March 12, 2020. On October 14, 2019, Staudner filed a motion for attorney fees pursuant to Rule 54(d) of the Federal Rules of Civil Procedure seeking attorney fees as against defendant PATCO.

PATCO and defendant Robinson Aviation (RVA) appealed the jury's verdict and the Court denied the motion for attorney fees without prejudice to re-filing. By opinion filed March 23, 2021, the court of appeals affirmed the Court's judgment in part as to liability but vacated the judgment

as to damages and remanded for a new trial on damages. [DE 201]. The matter was returned to this Court and plaintiff filed a renewed motion for attorney fees, seeking $106,018.75 in reasonable attorney fees. Three days later, counsel for plaintiff moved to withdraw. Counsel was permitted withdraw and the Court held the motion for attorney fees in abeyance until after the damages trial.

The damages trial took place on November 1, 2021, and the jury awarded plaintiff $550,000 in damages, which were apportioned in the amounts of 60% against PATCO and 40% against RVA consistent with the first jury's liability verdict. [DE 235]. Plaintiff then filed the *pro se* motion to amend the motion for attorney fees filed by counsel. Defendants have since deposited their respective damages into the Court's registry. [DE 241 & 248].

## DISCUSSION

At the outset, the Court denies plaintiff's *pro se* motion to amend the motion for attorney fees. Staudner seeks to amend the fee request to $129,033.31 to represent the true amount of attorney fees in this case based on counsel's billing records. However, counsel submitted the amount she believed to be appropriate based upon her own time and billing records in her renewed motion for attorney fees. The Court will not permit Staudner's request to add to the fee request based upon his assessment of the total.[1] The motion to amend is denied.

Attorney fees are available in hybrid Section 301 actions such as this pursuant to the Court's equitable powers. *United Food & Com. Workers, Loc. 400 v. Marval Poultry Co.*, 876 F.2d 346, 350 (4th Cir. 1989); *see also Wilson v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO,* 83 F.3d 747, 754 (6th Cir. 1996). "[I]n Section 301 cases the damages arising from a union's breach of its duty of fair representation include the attorneys' fees

---

[1] The Court would further note, to the extent it is unclear as to whether Staudner seeks any additional fees for himself or his prior counsel, that a *pro se* party is generally not entitled to recovery attorney fees. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

2

reasonably incurred in pursuing a claim against the employer for breach of the collective bargaining agreement." *Wilson*, 83 F.3d at 753; *see also Self v. Drivers, Chauffeurs, Warehousemen & Helpers Loc. Union No. 61*, 620 F.2d 439, 444 (4th Cir. 1980). Whether attorney fees should be assessed against the union in hybrid Section 301 cases is a matter for the court. *Brown & Pipkins, LLC v. Serv. Emps. Int'l Union*, 846 F.3d 716, 729 (4th Cir. 2017); *Sparks v. Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am., UAW*, 99 F.3d 1140 (6th Cir. 1996) (unpublished). The Court further has discretion to determine the amount of a fee award. *See id.*, *Mercer v. Duke Univ.*, 30 F. Supp. 2d 454, 466 (M.D.N.C. 2004) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), *abrogated on other grounds by Tex. States Teachers Assoc. v. Garland Indep. Sch. Dist.*, 489 U.S 782 (1989)). To calculate an award of attorneys' fees, the court "must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).[2] Other facts may lead the court "to adjust the fee upward or downward." *Hensley*, 461 U.S. at 434.

PATCO[3] does not challenge counsel's proposed rates of $175 per hour for her own time, $225 and $120 per hour for her partners' time, and $85 per hour for paralegal time, and the Court finds the rates to be reasonable. PATCO does request that the Court reduce the amount of the fees

---

[2] Factors to consider in determining the reasonableness of the hours and rate include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3 (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

[3] Because the attorney fees are assessed against PATCO alone, the Court focuses on PATCO's arguments in opposition to the attorney fee request rather than RVA's.

3

because the litigation was not complicated and it involved the unusual circumstance of having the Court's initial decision to dismiss the case reversed by the court of appeals. PATCO also argues that because the first jury awarded approximately half of what plaintiff requested in damages, the attorney fee award should also be reduced by half.

The Court disagrees that any unique circumstance based on the reversal of a motion to dismiss justifies a reduction in fees, and while the litigation was straightforward the Court declines to apply a reduction on that ground. The Court does agree, however, that a reduction is appropriate based upon the jury's allocation of the damage award. The jury in this case held PATCO liable for 60% of plaintiff's damages, and the Court finds that PATCO should be liable for 60% of plaintiff's requested attorney fees.

"The attorney fees are not awarded as a penalty, but as consequential damages for the union's failure to provide representation. . . Courts limit attorney fees awarded as damages in hybrid claims to the expenses the employee incurred in pursuing the claim against the employer only, and not the claim against the union." *Vattiat v. U.S. W. Communs., Inc.*, 214 F. Supp. 2d 1091, 1099 (D. Or. 2001). Here, plaintiff has failed to submit a sum which represents the total amount of "expenses [he] incurred in pursing the claim against [RVA] only". *Id.* The Court will not comb the record to make the adjustments, and accordingly will reduce the amount of the total fee request required to be paid by PATCO by 10%.

In sum, as the jury found PATCO 60% liable for plaintiff's damages, the Court determines, in its discretion and under its equitable authority, that PATCO is liable for 60% of plaintiff's requested attorney fee amount. With the additional 10% reduction applied for plaintiff's failure to show which expenses were incurred in prosecuting his claim against RVA only, PATCO is assessed attorney fees in the amount of $53,009.38, or 50% of the requested amount.

4

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for attorney fees [DE 204] is GRANTED, except that the amount awarded is REDUCED to $53,009.38. Plaintiff's motion to amend the motion for attorney fees [DE 239] is DENIED.

SO ORDERED, this __16__ day of February, 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE